# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00254-MR
# (CRIMINAL CASE NO. 4:98-cr-00144-MR-1)

| | |
|---|---|
| **LLOYD A. WILLIAMS,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 or, in the Alternative, a Motion for Writ of Error Coram Nobis, or Any Other Available Motion for Relief Authorized by 28 U.S.C. § 1651 [Doc. 1]; Respondent's Motion to Dismiss Successive Petition [Doc. 9]; and Petitioner's Reply to the Government's Motion to Dismiss [Doc. 10]. For the reasons that follow, the Court finds that this is an unauthorized, successive petition. The Court therefore dismisses the Motion to Vacate and grants Respondent's Motion to Dismiss Successive Petition. The Court further finds that Petitioner may not obtain relief under any of his alternative theories.

Petitioner was originally sentenced to life imprisonment, after having been convicted by a jury of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and use of a firearm during that drug crime, in violation of 18 U.S.C. § 924(c). Petitioner appealed his conviction and sentence, and the Court of Appeals affirmed the conviction but vacated the judgment and remanded for resentencing because Petitioner was improperly sentenced as a career offender. See United States v. Williams, 16 Fed. App'x 90 (4th Cir. 2001).

Petitioner was re-sentenced as an Armed Career Criminal ("ACC") to 300 months' imprisonment in October 2001. The Fourth Circuit affirmed his status as an ACC, but again vacated the sentence for the erroneous use of an enhancement and remanded yet again for resentencing. United States v. Williams, 57 F. App'x 553 (4th Cir. 2003). He was then re-sentenced to 293 months' imprisonment, and the Fourth Circuit affirmed the sentence on appeal. United States v. Williams, 162 F. App'x 254 (4th Cir. 2006).

Petitioner filed his first 28 U.S.C. § 2255 petition on June 21, 2006, which this Court denied, and the Fourth Circuit affirmed the dismissal. See Civil Case No. 1:06cv193 (W.D.N.C.); United States v. Williams, 307 F. App'x 726 (4th Cir. 2009). Petitioner filed a second Section 2255 petition on August 15, 2011, which the Court dismissed as a successive petition,

and the Fourth Circuit affirmed the dismissal. [See Crim. Case No. 4:98cr144-MR, Doc. 138]; United States v. Williams, No. 12-7049, 2012 WL 5395327 (4th Cir. Nov. 6, 2012).

Petitioner filed the present Section 2255 petition on August 17, 2012. Thus, this is the third Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 4:96-cr-144-MR-1. Petitioner seeks relief under the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), for his designation as an ACC.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition

must be dismissed.[1]  See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

To the extent that Petitioner seeks alternative grounds for relief in the form of writs of coram nobis and audita querela, the Fourth Circuit recently described the writs of coram nobis and audita querela as follows:

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available.  United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).  The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions.  Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.
>
> Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion

---

[1]  District courts in the Fourth Circuit to have addressed the issue have held that petitions that raise Simmons claims are properly characterized as successive petitions. See Evans v. Warden at FMC Butner, No. 5:12-HC-2043-FL, 2012 WL 6633942, at *2 (E.D.N.C. Dec. 20, 2012) (stating that if an action raising a Simmons claim were treated as a Section 2255 petition, it would be dismissed as successive); Newman v. United States, No. 6:04-cr-01127-GRA-8, 2012 WL 6618754, at *2 (D.S.C. Dec. 19, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims); Akili v. Zych, No. 7:12-cv-456, 2012 WL 4891701, at *2 (W.D. Va. Oct. 15, 2012) (assuming that an action raising a Simmons claim would be a successive petition); Jones v. United States, Civil Action No. WDQ-12-2186, 2012 WL 3115756, at *2 (D. Md. July 25, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims).

4

> vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). <u>Torres</u>, 282 F.3d at 1245; <u>United States v. Johnson</u>, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. <u>See</u> <u>Carrington v. United States</u>, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

<u>United States v. Sessoms</u>, No. 12-7316, 2012 WL 5520311, at *1 (4th Cir. Nov. 15, 2012). Here, Petitioner is obviously in custody pursuant to his convictions, and he previously challenged his convictions and sentence in a Section 2255 motion. Therefore, the writ of coram nobis is not available to Petitioner. Furthermore, Petitioner may not use the writ of audita querela to avoid the statutory rules on successive petitions. <u>See</u> <u>Coleman v. United States</u>, No. 3:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), <u>aff'd</u>, 274 F. App'x 340 (4th Cir. 2008).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S.

322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition, and Respondent's Motion to Dismiss [Doc. 9] is **GRANTED**. Furthermore, Petitioner is not entitled to relief under any of his alternative theories.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**    Signed: January 15, 2013

Martin Reidinger
United States District Judge